Next number is case 06-1208, Fisherman's Harvest v. PBS & J Mr. O'Fein May it please the court My name is Paul O'Fein and I do represent the plaintiffs in this action W.F. Childress, W.F. Childress Seafood, Altwood & Kelly And I'm standing in for Senator David Bernson who represents Fisherman's Harvest Plaintiffs as well Your Honor, as we look through this, this case is strictly about the jurisdiction of the court of federal claims And I believe it's also about whether or not a district court can transfer a case to another court Without first analyzing its jurisdiction in the case for all of the claims, not just one of the claims And that's what happened here in this case When we look at the statute, Your Honor, Section 1497 of Title 28 That's the statute under which a oyster harvester may bring an action against the United States government Because that's what the waiver of immunity is Counselor, it doesn't say against the government This is a very hard case And all of the other sections, 1491 and other sections that do provide jurisdiction to the court of federal claims Say against the government But this statute says any claims for damages And that's the part that causes me pause I understand that, Your Honor I will address that issue at this point in time I agree that the statute could have probably been written a little bit more clearly However, I don't think you can take Section 1497 on its own Without considering the jurisdictional mandate of the court in the first place The court was established so that the people would be able to sue the government Not private party contractors Well, what would you rather have Congress do? I mean, they didn't put the words against the government in here Maybe they should have put the words against anyone, including private parties But that seems a little redundant Since everywhere else they have the words against the government And certainly when they enacted 1497 They knew the jurisdiction of the federal claims court Was generally related to cases against the government I mean, Congress was not unaware of that when they enacted this statute So it's just difficult I don't know that they didn't know that And I'm not sure that back then, as we've seen in some of the case law The legislative history of this case is very vague and scarce There's no interpretive value to the legislative history of this statute But I would say this When one looks at 1497, I don't think you can look at that in a vacuum I think you have to look at it in context to 1491 The general jurisdictional statute When we look at the general jurisdictional statute It talks about the federal claims court cannot hear claims sounding a tort exceeding $10,000 Therefore, it's a strict liability court against the government There's no negligence actions There's this 1497, Your Honor And I agree with you That's the jurisdiction provided by 1491 But 1497 is unquestionably a separate grant of jurisdiction to the court of federal claims So why can't Congress dictate separate terms for that grant? The point I make, Your Honor, is that if you read 1497 by itself In context and without consistency with 1491 Then 1497 means anything And the court would go beyond its jurisdictional mandate It says here, any claim Well, then can I sue for negligence? Can I sue for emotional damage? Can I sue? It opens up a whole litany of things that now I can sue for And who can I sue? And I think that the Congress, their intent was Back in those days, the oyster harvester had no recourse against the government For dredging projects Because this was the New Deal era And in the New Deal, they were looking to have projects to provide jobs for people And the oyster harvester was taking it in the shorts Because these dredging projects were damaging oyster beds throughout the country And Congress said, you know, we've got to give these guys an opportunity To get after the government That's why they came up with 1497 So they could go against the government And again, the statute says they're talking about authorized by act of Congress And anything authorized by act of Congress I think implies That it's the government that's undertaking this action To do this river and harbor improvement Therefore, I think it's not a stretch to say It's limited to actions against the government When you look at the entire jurisdictional mandate of the court It's a court of limited jurisdiction To sue the United States government, not private parties And in fact, Your Honor, when we talk about that The court of claims just last week said That they had no jurisdiction, that's between private parties They said in general No, that line in the opinion said in general We have no jurisdiction against private parties Yes, Your Honor, but it did involve the same parties that are here today And what was going on in that case was a realignment Because Weeks Marine could not bring in other private parties In conjunction with this oyster harvester's claim They were not allowed to do that In fact, they realigned them as a defendant As opposed to an intervener plaintiff And I think that's very instructional for the court They know what their jurisdiction is And to sit there and say And they also determined that the court did not have jurisdiction Or Weeks Marine could not sue the government But until there was a liability imposed upon Weeks Marine first And I think that's what has to be taken look at here I think, Your Honor, when we look at the case law That talks about this very court decided in 1991 Or 1999, rather, with the Cook County case That all the claims do not have to be transferred To the court of federal claims It can send up the claims that are appropriate to be there And the ones that don't need to be there Can be left in the district court And we believe that this is a negligence action Against private parties We sue these people in what is essentially state tort law In a federal district court under diversity jurisdiction Mr. Refining As I understand it, the district court In considering the transfer of motion Recognized that the first question is Whether the transferor court does not have jurisdiction And in that context, the district court concluded That because the court of federal claims Has exclusive jurisdiction In effect, it had no jurisdiction And had to transfer the case Its decision on transfer, as I read it Is based on its conclusion That the court of federal claims Has exclusive jurisdiction over these questions Am I reading it incorrectly? Your honor, I'm not sure that they determined That the court had exclusive jurisdiction Over claims against private parties It may have determined that It had exclusive jurisdiction over claims against Over the third party claim But not against I don't believe they made that conclusion However, I think he pointed that one And said I don't see any reason Why these claims cannot go He was using the language in the Boinovich case And said I don't see any exclusive jurisdiction But I don't see any reason why they can't Therefore, I'm punting it And I believe they did not make the reasoned And well thought out analysis Of the claim against the private parties Had he done that, he could not have transferred This case under 1691 Because he had to first determine He had no jurisdiction against the The district court certainly had jurisdiction Over the tort claims Because they were diversity claims Sounding in negligence It's just plain and simple tort action Yes, your honor, and he did not make a decision As to whether or not he did not have that jurisdiction And the district court also had Would have jurisdiction over the third party Claim against the United States That too sounded in tort But that he had jurisdiction Or he, the district court had jurisdiction Under the federal tort claims act So the district court, it seems to me Had jurisdiction over both the complaint And the third party complaint Both of those causes of action But in terms of the transfer, you're right The analysis seemed to focus On the third party claim Against the United States And then concluded based on the Vujinovic case and section 1497 That the jurisdiction over that third party action Was exclusive with the court of federal claims And the question I have is In reading section 1497 The language doesn't say exclusive It says the court of federal claims Shall have jurisdiction But doesn't say that its jurisdiction is exclusive Well, that's your point, isn't it? I could have said it better myself, your honor I believe that you're correct The point is that With all due respect to the court of Vujinovic They said I don't see the exclusivity of it But I'm transferring it, I don't see why Well, there wasn't any real analysis in that That's my point That's why my whole point about the 1631 transfer Requires an analysis, a three-part test As to whether or not Could the claim have been originally brought In another court First of all, no, excuse me The first question is do I have jurisdiction or not If I don't have jurisdiction I've got to find out why I don't And two, if there's another court that it can be transferred to It had to be able to have been brought in that court originally And I say in this case as a standalone As a standalone private party case Against another private party in the court of federal claims If he meant that Then if it was in the interest of justice Then I think the analysis would have been proper And then he could have transferred But he never made that analysis And I don't believe, had he made the analysis He would have never determined that he had no jurisdiction Over the negligence toward actions under diversity The claim was not pled as a 1497 claim Even the third party complaint You've exhausted all of your time But you've yielded some Is that right, to Mr. D'Alessandris? Yes, Your Honor, I have And I was supposed to save some time for rebuttal  We'll see how that works out Okay Mr. D'Alessandris, you're speaking for the engineers? You've shifted sides Yes Well, that's more appropriate I couldn't understand why you were listed as an appellee Don't know, Your Honor We had filed a motion to realign the parties Okay Thank you, Your Honor May it please the court I'd like to first respond to Judge Moore's question Regarding the lack of specification in the statute Stating that Congress didn't state that These were claims against the United States And I'd like to point to the principle of statutory construction That the statute should be interpreted To avoid constitutional problems Specifically, an interpretation arguing that This statute provided jurisdiction against private parties In the Court of Federal Claims Would violate the Northern Pipeline versus Marathon Pipeline case By the Supreme Court Specifically, they would be removing a case or controversy Specifically allocated to Article III courts And moving it to an Article I court Well, I don't think it's so much an Article I issue, is it? As whether or not the claim, in fact, is a claim against the government And with a cross-claim as well It looks very much And if you go back to the legislative history It becomes almost quite clear That that's exactly what they had in mind The ultimate person, the ultimate liable party Not necessarily in tort, perhaps Because what's being done is a matter of public interest Would be the United States And if it's as simple as that Then the Court of Federal Claims and the move there And the reference to that court in 1497 Fits in very well with the relationship Between the Court of Federal Claims and the district courts I'm not sure I understand your question, Your Honor The claim against Once the United States was brought into the case It looks to me as if that is just what Congress foresaw In this highly specific statute Which plugged what was otherwise, according to the record A very troublesome gap At a time when a lot of this dredging was taking place Yes, Your Honor They did intend to move the claims against the United States To the Court of Federal Claims But the claims in the district court Were not pled against the Army Corps They were simply tort claims against private parties And that is a case of a matter of law or equity Which could be brought before an Article III court And Congress can't remove that from the Article III court And move it to an Article I court Because it's not a public rights issue In the Northern Pipeline case Congress mentioned that there were three types of cases That could be determined by Article I courts We know that doesn't really make sense Because we know that Tucker Act claims Can be brought in the district court And in the Court of Federal Claims Yes, but the constitutional infirmity Would be taking an Article III issue to an Article I court There's nothing that prevents them They just go back and forth if the $10,000 limit is exceeded I'm sorry, yeah I'm troubled by your concentrating On the difference between Article I and Article III When we really have a statute Perhaps not so clear That's why we're here As to what the congressional intent was Not that this couldn't move This case couldn't move back and forth But in fact, when Congress assigned these cases To the Court of Federal Claims Without saying that the United States Must be the first defendant It couldn't have been transferred But for the cross-claim against the United States The set-off or the reimbursement Or whatever, however we call it We don't dispute that any claim by the oyster growers Against the United States Should be in the Court of Federal Claims The only question is whether the Court of Federal Claims Has jurisdiction over separate tort actions Separate state law tort actions Between the private plaintiffs and the private defendants That don't involve the United States And those claims, we don't believe Could be transferred properly But this claim was not absolutely limited To negligence, was it? On the part of the dredgers? The fact that the oyster beds were injured Was viewed as an inexorable consequence Of performing the actions that the engineers Retained the dredging companies to perform No, Your Honor, I believe the claim by the plaintiffs below Was strictly a negligence and gross negligence claim Against the contractors That they did not involve That the Army Corps was not an initial defendant In that case, it was only brought in by the dredgers And their claim against the United States Was a tort claim against the United States Not a claim pursuant to the contract Now, admittedly, the Court of Federal Claims Could reconstruct that claim And treat it as a contract claim I believe this Court's opinion in Wood Says that even a negligently performed contract Is a tort in the performance of a contract Is still a contract claim for Tucker Act jurisdiction So certainly there is some sort of a claim out there That would be cognizable in the Court of Federal Claims Between weeks in the United States But between the oyster... If the plaintiff in this case had brought one suit Against both the government and the private party defendants Where would be appropriate for that suit in your opinion? I think the claim against the United States Would need to be removed to the Court of Federal Claims And the claim against the dredger Would need to remain in the District Court There is powerful precedent case after case Against that sort of redundant litigation of identical issues In one court or another It arises primarily under issues of federalism Between state and federal courts But as between two federal courts I would think the same principles and policy Would be very strong Unless they were prohibited Well, Your Honor, I mean We cited to the Finley case The Supreme Court case Regarding ancillary jurisdiction Or pending party jurisdiction And I think it's similar to that Where Ms. Finley had a tort claim A federal tort claim act against the United States And was also suing San Diego Gas and Electric And I believe the San Diego municipality And they tried to move everything into the federal court To prevent redundant jurisdiction And the Supreme Court still said, you know Despite the fact that the federal tort claim act Required this to be litigated in state court They shouldn't be taking jurisdiction over these I'm sorry, in federal court They shouldn't be taking these state court claims Into the federal court And the fact that Ms. Finley was required to litigate In two separate courts Was unfortunate But that was what Congress had permitted In a way that's... But there was also a question As to whether the operative facts in each case Were in fact identical Or as I recall that case It isn't that clear in my mind That wasn't the only reason As I recall for that decision No, Your Honor, but I just meant The Supreme Court recognized that sometimes With the waiver of sovereign immunity That you have to litigate in separate courts Sometimes Sometimes Thank you, Your Honor Okay, thank you, Mr. Alessandris Mr. Engerand Thank you May it please the Court We are here today Because of the government's dominant Navigational servitude As you recognized earlier That dominant servitude Comes from an oyster dredging case The Lewis Bluepoint case Which fills the legislative history of the statute That case involved a suit Against a dredging company For damage to oyster leases in a bay Very much like this one The government said Because of the grant of the people To Congress in Article I, Section 7 That the people had given their full power Over that subject matter to Congress Such that the owner of that lease Has no property right whatsoever Against this kind of navigational improvement Now, it also said Beside the fact that they have no property right That the navigational servitude Is absolute and dominant And it is one of the greatest powers Given to the federal government And I, as an advocacy professor for 28 years This is my Bible Here, the Federalist Papers And I was reading those again on my way up here And it's not Shea's Rebellion That fills the Federalist Papers It is discussion of the importance of the fact That our republic was going to fail Were the power of interstate and international commerce Not given to the federal government And the Supreme Court has recognized that In case after case after case Including the Lewis Blue Point case Involving oyster leases Saying that there is no right whatsoever Against the government or against the contractor And the cases have come down after that Including decisions There's a more recent case Where even the Cherokee Nation Was granted absolute power Over its land in Oklahoma And yet when a contractor comes in the Arkansas River And causes damage to their land The Cherokees had no right whatsoever To recover damages Counsel, if the defendant hadn't brought the government Into this litigation Could it be removed to the Court of Federal Claims? Absolutely, Your Honor Because I believe that using the legislative history That we have here today And that legislative history Comes then in the next case That was the Randell case So just let me make sure I understand So you think it was purely a private versus private suit No government involvement at all Formally as a party on either side That you think this cause of action Could be brought in the Court of Federal Claims Under 1497? Absolutely The reason being that I believe the language is exclusive Because Congress recognized What about jury trials? There's no need for a jury trial And the reason for that But isn't there a right to one? And that's one of the things that concerns me Under the Seventh Amendment Absolutely not Negligence They're even in admiralty They don't have a right in admiralty To a jury trial They're not suing under admiralty They're suing under negligence State court law This is an admiralty case Damaged by a vessel to land So under the Admiralty Extension Act It's absolutely swept in And no matter what they plead It's going to be admiralty law But nonetheless Nonetheless Because there is no private cause of action Whatsoever And now that there is legislation There's case law For example The Supreme Court has ruled Subsequently in the Yersley case That the fact that there is legislation now Excludes liability of the government's representative Acting on behalf in the taking of their property That's 309 U.S. 18, the Yersley case They have no cause of action whatsoever Against any of these contractors at law Isn't there a difference between a takings case And a negligence case? Well, your honor That would be the case Except for the fact that all of these suits Were brought against contract Suits are brought against contractors for negligence And all of us contractors here Come today to support me The answer is that those Our sovereignty Our immunity is derivative of the government's And we have no liability Because when we act on behalf of the government We are insulated from liability So the thing is Knowing that Congress has passed this statute And they knew that Going in The legislative history set forth And I urge you to read those committee reports In the Andrew Rado case Because they're just amazing But the Once you have that Then the government is allowed to create Once there is sovereign immunity And to use the government's case here Which is Northern Pipeline Once there is sovereign immunity The government has the right Since our immunity is derivative of theirs The government has the right to say You can be sued or not sued You can be sued in this court or that court You can be sued with a jury It can be an administrative agency The government has taken, for example Longshore and Harbor Workers Act And put it in an administrative agency But once the government was in the case And it looks as if nobody And the government never said All right, whatever you contractors did We're not going to be liable I gather that There was not a barrier interposed Between the contractors and the government Is that right? So once the government was in the case In some ways it simplifies the issue Doesn't it on the question that Judge Moore asked Because it's very hard to take the hurdle Of the court of federal claims Deciding under 1497 That the government shall pay up In which case it would I think almost have to be a Fifth Amendment case Rather than tort action However negligent the contractors might have been If in fact they were doing negligent work At the behest of the government So do we have to decide Because I don't know of any other case Where the court of federal claims Has in fact rendered judgment Against private parties As between private parties So there's a sort of intellectual hurdle That for looking at the legislative history briefly Looks as if nobody really pointed out to Congress They were plugging the gap that you have mentioned We can't have this wrong without a right When it's just a matter of technicalities The Constitution There's no remedy Everything you say is exactly right It's exactly the situation that's faced In this exact situation here And that was the Congress is faced with a situation Where the contractors have no liability The government has no liability There's no liability whatsoever in this circumstance Where there is a dredging project carried on Authorized by Congress over navigable waters The navigational servitude trumps it completely So Congress passes this statute And this statute says any Actually it doesn't say any claims At first it says claims And then they amend it and make it even stronger And say any claims in a subsequent amendment When they could have said against the government at that time Or anything else they wanted But they didn't They only broadened it to say any claims So the thing that they have done Is they've taken a situation Where there is no liability against any of these parties And they have said now any claims For damages to the oyster growers Are brought in the Court of Federal Claims So the question then is Is it all of the claims Or then are we just completely free elsewhere Because there's no liability elsewhere So the only place that we can be liable The only place that any of this can be addressed It is the exclusive place where it can be addressed Because there's no other place where it can be addressed Is in the Court of Federal Claims You said there's no liability elsewhere But this action was not pled as a Taking of a property interest As in Lewis It was pled as a tort claim As negligence Are you saying that that's not actionable? It is not actionable when the contractors are acting In the course of the work that's been given to them By the Court of Engineers Yearsly That I mentioned to you is an example of that There's a separate claim isn't there By the plaintiff against the government Actually pending in the Court of Federal Claims There's actually four claims What is the cause of action they allege there Against the government? They have brought two claims against the government For their damages under 1497 They just they plead it right against 1497 It's not sort of enumerated in some way Negligence or breach of I mean there's no sort of I don't remember how they pled it Don't remember how they pled it But it must be under the Fifth Amendment don't you think? That's what I was wondering But they had There's this knowing that they have no right After Lewis Which Congress called the famous Lewis case In the legislative history Knowing that there was no right This statute was passed to be the one and only right And the language of it is Whether it's concurrent or exclusive Is really irrelevant Because the district court didn't transfer it If there's concurrent jurisdiction Certainly for purposes of completeness Since the one remedy is admitted to be exclusive Then it's exclusive on the one hand Maybe it's not exclusive on the other I don't know I don't think the same words do that But legislative history being what it is That there That Congress knew there was nothing else And it was Domino, Bobscoy, and Juria But if in fact the government were now As this case If this case proceeds in the Court of Federal Claims Were to say I told those contractors Leave the oyster beds alone And they didn't And acted negligently Then again we're back to where we were before These injured parties Are out in the cold They've been transferred out of the district court Where a negligence case could have proceeded Against the contractors They're out of the Court of Federal Claims Because the United States has perhaps shown That it was That there were circumstances That they're not responsible for So having everything Well even as I speak It's a difficult case Because the idea is To assure that If there is a wrong to be righted Whatever it's called That again We don't end up with some kind of technicality Where all the doors in the courthouses are shut That is why And that is specifically why I believe the district judge transferred the case So that all parties would be before one court That court has ample Jurisdiction under the exact words of Congress Just as you were talking Judge Moore About the word either I think the word any is pretty good as well And all of that can be resolved in one court It doesn't matter whether it's an article one Or article three court Because Congress's authority over this Is plenary under the navigational certitude It fits I will take the Northern Pipeline case We fit like a glove The Northern Pipeline case says it doesn't matter Because it's a public right Lewis itself The Lewis Oyster case Says this is a public right And so if Lewis and Northern Pipeline Fit together perfectly Sovereign immunity is also mentioned in that case Our immunity to the extent that there is any Is completely derivative of the government's The government's immunity is certain So there's no Northern Pipeline issue here whatsoever All of the matters can be resolved together In one case There will be no There'll be no way that there's Domino, Mobsquay and Juria Because one judge will be deciding all of those issues And it will be coming back to this court to resolve Just in case we have to reach this issue About whether the jurisdiction is exclusive or concurrent Your position is that it is exclusive I, having read the legislative history It is absolutely exclusive Congress knew Congress knew that there was no other remedy whatsoever And put it here in the Court of Federal Claims But that is a red herring I argue it because I believe it Even for private parties Absolutely, Your Honor Because Congress could have said anything they wanted If they, if they wanted Here's, here's the answer to that If there is a remedy against the contractors It is here Because they have no remedy elsewhere If Congress intended them to have a remedy against the contractors It is only in the Court of Federal Claims But nonetheless, it doesn't need to be exclusive It need only be concurrent Because the judge actually in this case This case was pled as a federal question case There wasn't a federal question The judge had the authority He had to transfer the government's case He certainly had the authority to transfer this There is no Finley problem in this case Because frankly, Finley talks about a suit under the FTCA And in that particular circumstance They said that that's because the language of the FTCA Says suits against the United States Ours does not say suits against the United States Before your time runs out, I'd like to ask one more question So in terms of determining exclusive or concurrent I know you don't think we have to decide it But I want to talk about it again I'm troubled by the fact that 1497 doesn't say exclusive jurisdiction When lots of other sections of the code do I know 1491 doesn't say exclusive And yet we've interpreted it to mean exclusive But there may be other reasons for that The one thing that caused me pause about not saying it's exclusive And tell me if you agree with this Is if it's not exclusive, then isn't there a right To bring a cause of action against the government In any district court Which I don't think they've waived their sovereign immunity for under this act That's right, your honor Because it's either exclusive or not For everybody For everybody It doesn't make a difference The statute doesn't say exclusive for government But not exclusive for private parties That would require really finessing it far too much for me Okay, thank you You referred to the legislative history What in particular are you referring to? The hearings, Andrew, in the Raydell case It refers to that statute that was the first attempt that Congress made When Mr. Raydell was distressed Because the silt came onto his leases And it was completely destroyed But I'm looking for the particular legislative history that you're referring to It's in the case cited in our opinion But I can give it to you The 69th Congress, first session, 1926 On March 4th, 1926 There were hearings before the Senate Subcommittee on Claims And then there were two reports The House Report 1285 and the Senate Report 332 In which they refer to the famous Lewis Blue Point case And discuss the fact that there's no question That there was absolutely no right to recover And so Congress created a special law Just for Mr. Raydell Just for him When they then had to, in 1935 Do the dredging in all the bays across the country Including our own in Texas They put in that statute Not in any other statute But in the dredging statute They put this provision to give the Court of Claims jurisdiction And then amended it later to add any claims The one thing I would say before I go As I was thinking about this I would like to quote the great Daniel Webster Who argued down the street In the famous Gibbons v. Ogden case And you know that's the case that gave the federal government Power over navigation When he ended his argument After a week of arguing for the court Not 15 minutes And he said If the federal government did not have the full power Compared to the state of New York over navigation Which gave it to the federal government Then the court will look upon this scene of ruin Quoting Aeneas to Akate Quixiam Locus What place, what place on earth Is not filled with stories of our hardship Thank you very much Thank you Thank you Mr. Nguyen Are you providing the rebuttal Mr. D'Alessandro? I'm sorry Your Honor Are you the rebutter? Because we'll restore some for Mr. O'Finan as well I have reserved one minute Your Honor Okay well you can go first Thank you Your Honor I just wanted to point out Weeks Marine talked about the Lewis case Being an example of public rights In the Lewis case it was argued under a takings theory And naturally under the Tucker Act That takings claim would have belonged In the Court of Federal Claims anyway This case here they're arguing a negligence claim Under state law in the district court Which would not belong in the Court of Federal Claims I'd also just like to point out Your Honor That Weeks has asserted government contract Or immunity defense in the district court Should their claim of immunity prevail In the district court They would of course be able to Have that claim dismissed They can present that defense That government contract or immunity defense In the district court And they've done so And then what happens? Then they ask to be transferred To the Court of Federal Claims for what's left But they're already there In the Court of Federal Claims Your Honor Okay I thought you said they'd be Dismissed in the district court I'm sorry the tort claims By the private plaintiffs Yes Against Weeks Marine Would belong in the district court If they did the government Assault the government contract or immunity They're already suing the government And Weeks Marine is a third-party defendant In their case in the Court of Federal Claims Currently considered already there Oh okay thank you Mr. Dallas-Anders Mr. O'Finan we'll restore your rebuttal time Everyone's run over Thank you Your Honor Can you answer that question that I raised The other counsel didn't know the answer to What is the cause of action that the plaintiffs Are asserting against the government In the Court of Federal Claims case? Strict liability under 1497 As I want to state the claims again In the court below Your Honor Pure negligence under state tort law And the issues are not identical to the ones That are in the Court of Federal Claims As against the government They're not identical And one of the things that must be noted I won't reiterate Lewis Blue Point was an eminent domain case The reason the government contractors Had immunity in that Is because the government was taking riverbonds For navigation They were cutting through Deliberately cutting across oyster leases As opposed to damaging them To aid navigation in other places They were taking the land And the injunction was denied to them And when the governmental contractor Acted in accordance Strictly with the governmental contract Requiring them to cut through the oyster bed They had governmental immunity And that governmental immunity Your Honor Was reinforced in the Agent Orange cases In the 1970s And governmental contractor immunity Is an affirmative defense Which requires it to be pled and proved They've got to prove up all the elements And one of the strictest elements of that Your Honor Is that they have to prove up That number one They did the contract Strictly in accordance with the specifications And before they undertake the contract They must examine it And if they determine that If they do this strictly in accordance With the specifications They're going to harm third parties They must inform the government of that And ask them to restructure Or if the government says We're aware of that And we're going to make you do that anyway That's when their immunity attaches Not before then So they're putting a cart before the horse In this case And they're already assuming That they automatically have this immunity It is not automatic It's an affirmative defense That must be proved Must be pled and proved And there are several elements to it Of which they haven't proved up any of them At this point in time, Your Honor And I think that's what's instructive This is a case State tort law case They have yet to show me anything that says We don't have a right of action For negligence in the performance of their contract Whether they're a governmental contractor or not Their contract tells them That they must not perform this contract And that they are responsible For their own negligence Therefore, our cause of action Against these private parties Is in the district court or the state court In fact, we sued them in the state court And they removed it to the federal court Unciting diversity of jurisdiction They didn't say to the state court Remove this to the court of federal claims Because they're exclusive They removed it to the federal district court Then they cried Let's go to the court of federal claims So they themselves admitted That there was diversity of jurisdiction When this thing was first removed Now you said the issues are not identical But certainly the occurrence is identical The facts giving rise to the cause of action Are identical I'm concerned about the duplicativeness Of having two courts adjudicate this And the potential for double recovery by the plaintiff I'll explain why they're not disabling This project was not just a dredging To improve navigation It was also Normally they take that dredged material And put it on dry land In this case, somebody decided Let's create a bird sanctuary Let's create beneficial use sites That's not an aid to navigation When they built these beneficial use sites Which are artificial islands They built them with defective materials That the materials are now Leaking from these islands And getting on the oyster leases And that's how they're being damaged So in reality They weren't dredging along a channel And inadvertently spilled something on an oyster lease It was dredging through a channel That was far removed from where the oyster lease was They carried the dredged material To an area right next to the oyster lease And created an island And it was the failure of their island engineering And the technology and the materials That they used to create this island Failed That's why the oyster leases are being damaged So it's not just an aid to navigation case It goes beyond that And that's what I'm saying And this is very narrowly focused On an aid to navigation But in fact it is not It is the creation of beneficial use sites And a dredging operation Therefore the negligence arises in The usage and the construction of What they call geotubes The placement of the geotubes That has nothing to do with aid to navigation In fact it's probably a hindrance to navigation Because Just real quick Is the creation of this bird sanctuary Something that would be categorized As making river and harbor improvements Authorized by Congress? Your honor, I would not categorize it as that Because the making of river and harbor improvements Is for navigation They want to be able to get ships through Harbor improvements so that A non-shallow draft craft But a very deep draft craft Can get through that area Houston is notorious for shoals And reefs and things of that nature We have a ship channel That is very narrow And gets it to the ports For where you get all your gasoline From going through Right by our oyster leases But those leases Are not in an navigable waterway In fact it would be totally impractical To cut a channel through that waterway Unlike in the Lewis Blue Point They decided they could cut a channel And create an artificial channel Unlike a canal But that's not the case in the Trinity River Well you're not relying on any of these Subsequent legislative acts To provide remedies for the oyster farmers I think the act of The claim against the government  To get any relief from the government We believe that relief from the government Is very limited in scope and nature And that they specifically limited it To maybe one crop Maybe two crops Future damages are very speculative However with the negligence action And when they build these Beneficial use sites And the negligence These oyster harvesters Are going to be damaged Many years into the future Let me just make sure I understand The answer to my question You are relying then on 1497 As to against the government only We're relying on state negligent tort law As to the private parties We believe the claims are separate and distinct And have different operative facts Because the dredging operation itself Was limited And the beneficial use site creation Is a completely different issue Than dredging and making harbor improvements Are you saying your third party complaint In this case relies on 1497? I'm not sure I understand your question The third party complaint in this case You're talking about the complaint by Weeks Marine Against the United States government? Yes I'm not sure again I understand the question Is that a negligence claim? Or a 1497 claim? I think the third party complaint Against the government by Weeks Marine Your honor is a contract dispute Between the government and Weeks Marine I don't think that has any bearing upon Whether or not I can sue the private parties For negligent in state court Or under diversity in district court I think they're mutually exclusive of each other So the action you were referring to under 1497 Is the action you filed in the court of federal claims? It's the other action It's not this action You're not talking about this action That's what I had in mind You're trying to keep those separate And I think that's where the lines Are getting blurred between these That's the only point I wanted to make They're distinct and separate actions Okay thank you all Thank you Mr. O'Feinan, Mr. Galazanis, and then Mr. Aguilar Thank you